### COUP v. McCONWAY & TORLEY CO. et al.

(Circuit Court of Appeals, Third Circuit.  May 24, 1905.)

#### No. 1.

PATENTS—INFRINGEMENT—CAR COUPLERS.

 The Coup patent, No. 401,775, for a car coupler, occupies a narrow field, and must be strictly limited in construction, being for an improvement on couplers of the well-known Janney type, designed to adapt the same after the coupling has been made to track curvature by means of a pivoted connection between the drawhead and drawbar which allows the drawhead to "swing freely laterally," and, since both free and nonfree joints were known in the prior art, the patentee must be held to have adopted the former, and the patent is not infringed by a coupler in which the drawhead, while pivotally connected, does not swing freely, but has its movement restricted by side bars, and controlled by springs, which hold it normally in a central position.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Wm. L. Pierce, for appellant.

Geo. H. Christy, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge.  This appeal is from a decree dismissing a bill of the appellant, wherein the appellees were charged with infringement of patent No. 401,775, dated April 23, 1899, which was issued to John Coup for a car coupling.  The claims involved are:

"(1) In a car coupler of the Janney type, a drawhead pivotally secured to the drawbar outside of the framing of the car, and a swinging hook secured to one of the lateral extensions of the head, in combination with a locking device, substantially as described.

"(2) In a car coupler of the Janney type, a drawbar having upper and lower projecting jaws at its front end, a drawhead having seats or recesses to receive said jaws, and a pin for securing said parts, in combination with a swinging hook secured to one of the lateral extensions of the head, and a locking device, substantially as described."

The learned judge of the court below thought that the validity of the patent was open to grave question, and in this we quite agree with him; but, as he rested his decision solely upon the ground of noninfringement, and on that ground satisfactorily vindicated it, no other point need now be determined, nor anything be added to his discussion of the case.  (C. C.) 127 Fed. 351.

It plainly appears from the specification that the primary concep-

tion of the patentee was of a joint which would "allow the draw-head to swing freely laterally in the drawbar outside of the framing of the car, to accommodate the motion of a car in swinging around a curve in the road"; and that the joint actually claimed does in fact allow the drawhead to swing freely laterally has been indisputably shown. To such a joint these claims must be limited. The prior state of the art, if, indeed, it admits of their maintenance to any extent, at least precludes them from any breadth of construction; and this is conclusive of the question, for the joint of the appellees is designedly constituted and peculiarly adapted for restricting the lateral swing of the drawhead. The materiality of this difference between the two organisms could not be better indicated than has been already done by the Circuit Court as follows:

"In it [the alleged infringing device] we find a drawhead of the Janney type pivotally connected to a central drawbar. But the joint is one which, unlike Coup's, does not 'allow the drawhead to swing freely laterally in the drawbar.' Such free lateral swinging of the drawhead is restrained in both directions by auxiliary side bars, whose spiral spring attachments serve both to retard such limited movement, and, when pressure is removed, draw the head back to a central, normal position. The blow of coupling cars is distributed to all three stems, and is cushioned by their respective springs. We cannot hold the respondents to infringe in such construction. It is true both devices accomplish the same result in one respect—that is, adjustment to curve travel—but in doing so Coup made use of a combination composed of known elements, and one of those elements was a free joint. While the respondent uses a joint which is free to the extent of allowing adjustment to curve travel, it is, however, nonfree and self-centralizing, and this for functional purposes. In head centralizing it accomplishes an object which was recognized in the art before Coup, and which he did not see fit to point out or claim in his patent. When he chose to accomplish his object by the use of a free joint, and when a limited or nonfree joint had been used in the prior car-coupling art, it is quite clear that he could not cover every form of joint, and preclude the public from using any known form of a nonfree joint in combination to accomplish the same purpose. * * * The nonfree joint of the respondents is a development on different lines from the free joint of Coup, and is another and permissible means to obtain adjustment to track curvature."

The decree is affirmed.